**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUN - 5 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Owen Odman,                          )
                                     )
        Petitioner,                  )
                                     )
    v.                               )    Civil Action No.    **12 0899**
                                     )
Eric Holder, Attorney General,       )
                                     )
        Respondent.                  )

MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the petition for a

writ of mandamus and application for leave to proceed *in forma pauperis*.  Upon review of the

petition, the Court finds that petitioner has failed to state a claim for such extraordinary relief.  It

therefore will grant the *in forma pauperis* application and dismiss the petition pursuant to 28

U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the

complaint, among other grounds, fails to state a claim upon which relief can be granted).

The extraordinary remedy of a writ of mandamus is available to compel an "officer or

employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28

U.S.C. § 1361.  The petitioner bears a heavy burden of showing that his right to a writ of

mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005)

(citation omitted).  Mandamus relief is not available when an adequate remedy exists to address

the underlying claim.

Petitioner, a prisoner at the Federal Correctional Institution in Jesup, Georgia, seeks an

order to compel the United States Attorney General to comply with *Brady v. Maryland*, 373 U.S.

83 (1963), Pet. at 1, by "directing . . . the United Sates Attorney's Office for the Western District

*N*                                                                                    *3*

of North Carolina to provide the Petitioner with [certain information]." *Id.* at 3-4.  Petitioner is

not entitled to mandamus relief for two reasons.  First, the Freedom of Information Act, 5 U.S.C.

§ 552, is the proper vehicle for obtaining records from United States agencies.  Second, to the

extent that petitioner is claiming that the United States withheld exculpatory evidence in

violation of *Brady*, he has an adequate remedy under 28 U.S.C. § 2255 to move the sentencing

court to vacate his conviction.  A separate Order of dismissal accompanies this Memorandum

Opinion.

_____
United States District Judge

Date: May 21st, 2012